## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDA D. EPPS**<br>3631 Mattock Place<br>Waldorf, Maryland 20602<br><br>                Plaintiff,<br><br>        v.<br><br>**POTOMAC ELECTRIC POWER<br>        COMPANY**<br>701 9th St NW<br>Washington, DC 20068<br><br>        and<br><br>**EXELON CORPORATION**<br>10 South Dearborn Street<br>Chicago, IL 60603,<br><br>                Defendant. | Civil Action No. _____ |

## COMPLAINT
(Employment Discrimination)

### INTRODUCTION

1.      Plaintiff Linda Epps brings this civil action against her employer, Exelon

Corporation and it subsidiary the Potomac Electric Power Company (collectively referred

to herein as "Pepco") pursuant to the Title I of the Americans With Disabilities Act, 42

U.S.C. § 12101 *et seq*. (ADA), and the District of Columbia Human Rights Act, D.C.

Code § 2-1402.11 *et seq.* (DCHRA), for acts of unlawful employment discrimination

based upon her disabilities.  Specifically, plaintiff contends that when she sought to return

to work after an extended unpaid absence due to a disabling medical condition, she was repeatedly told by Exelon/Pepco human resources managers that she would soon be placed in a position.  However, after almost two years of such assurances, Exelon/Pepco's human resources managers told her that no jobs were available.  Despite the fact that she is still a Pepco employee, she has been told that rather than being placed in a position, she would have to identify a suitable position and reapply for employment with Pepco. Plaintiff did monitor advertisements of Pepco's vacant positions, but Pepco did not announce vacancies for any positions for which she was qualified.  Then, in January 2018, Pepco informed Plaintiff that unless she applied and was selected for a position, she would be terminated.  Plaintiff therefore alleges that Defendants violated the ADA and DCHRA by refusing to return her to work because of her history of disability and their perception that she continues to be disabled.

## JURISDICTION

2.     This Court has subject matter jurisdiction pursuant to the ADA, 42 U.S.C. § 12101 *et seq*., and 28 U.S.C. § 1331, this action arising under the laws of the United States, thereby presenting a federal question.  This Court also has pendent jurisdiction over plaintiff's claim under the DCHRA.  28 U.S.C. § 1367(a).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.     Plaintiff has exhausted all available administrative remedies on her claims by (1) filing a charge of discrimination with the United States Equal Opportunity Commission (EEOC No. 570-2018-01540) which was cross filed with the District of

Columbia Office of Human Rights; (2) having received a Dismissal and Notice of Rights from

the EEOC dated March 20, 2018; and (3) bringing this action within 90 days of her

receipt of the Notice of Right to Sue.

## VENUE

4.      Pursuant to 28 U.S.C. Section 1391(b) and 42 U.S.C. Section 2000e-5(f)(3),

venue is proper in this judicial district.  *See* 42 U.S.C. § 12117(a) providing that actions

under the ADA are subject to the "procedures set forth in sections 2000e–4, 2000e–5,

2000e–6, 2000e–8, and 2000e–9."  Defendant Pepco is headquartered in the District of

Columbia, and the acts of unlawful discrimination took place within the District of

Columbia.

## PARTIES

5.      Linda D. Epps is a citizen of the United States and the State of Maryland.

She has been employed by Defendant Pepco as a either a Senior Administrative Assistant

or a Service Associate since February 22, 1994.

6.      Exelon Corporation is an energy company headquartered in Chicago,

Illinois. It generates revenues of approximately $33.5 billion and employs approximately

34,000 people.  Exelon is the largest electric parent company in the United States by

revenue, the largest regulated utility in the United States with approximately 10 million

customers, and also the largest operator of nuclear power plants in the United States.  It

was created in October 2000 by the merger of PECO Energy Company of Philadelphia

and Unicom Corp of Chicago, which owned Commonwealth Edison.

7.      Potomac Electric Power Company (PEPCO), also known as Pepco, is a public utility owned by Exelon that supplies electric power to the city of Washington, D.C. and to surrounding communities in Maryland.  Pepco has had more than 600 employees in each of the last 20 months

## STATEMENT OF FACTS

8.      Linda Epps was hired by Pepco on February 22, 1994, as a Senior Administrative Assistant.  Some time before March 2006, she was assigned to work as a Service Associate.

9.      In March 2006, because Ms. Epps she had become disabled from work by a depressive illness, Pepco placed her on long term disability leave.

10.     For the next ten years and three months, Ms. Epps struggled with her illness and to make ends meet with only a small income from social security.  While she was on unpaid disability leave, she was treated with combinations of prescription medication and psychotherapy.  In addition, she participated in a number of wellness activities recommended by her psychotherapist.  By 2016, she had recovered to the extent that she believe she could return to work.

11.     Before and during most of her unpaid medical leave, Pepco did not inform Ms. Epps that there was a time limit for her leave, that her job was not being held for her, or that she would be terminated if she did not return to work.  It was not until June 2016 that Pepco told her that she would be terminated if she did not return to work.

12.     By a letter dated June 23, 2016, Pepco informed Ms. Epps that it had
concluded that she was "unable to return to work [her] assigned position, Senior Admin
Asst., due to [her] medical condition."  The June 23 letter also stated that if Ms. Epps'
health care provider certified that Ms. Epps' condition allowed her to work with medical
restrictions, Pepco would work with her and her  provider to determine whether a
reasonable accommodation could be made for her to perform the essential functions of
her job.  The June 23 letter also informed Ms. Epps that if she did not respond by August
23, 2016, Pepco would terminate her employment.

13.     Ms. Epps responded within the allotted time that was ready to return to
work, and since August 2016 she has done all that she can to return to work.

14.     Ms. Epps has, on multiple occasions, provided Pepco documents from her
health care providers confirming that she is medically able to return without limitations.
Despite documentation from her health care providers that she was  mentally fit and able
to return, Pepco has not brought her back to work.

15.     During the  months following August 2016, Pepco human resources
managers repeatedly told Ms. Epps that a position had been identified for her and that she
would soon be returned to work.  However, Pepco did not return Ms. Epps to work.
Instead, Ms. Epps was told that the position was not available.

16.     In May 2017, Ms. Epps was again told by Pepco that she would be returned
to work before the end of the month.  However, Pepco did not return Ms. Epps to work.
Seven months later, in January 2018, Pepco informed Ms. Epps that it was not required to

hold her position for her and that in order for her to return to work, she would have to monitor Pepco's vacancy announcements to identify a suitable position, reapply for employment with Pepco, and be found qualified for an open position.  She was told that unless she was selected for a new position by April 20, 2018, she would be terminated.

17.     By placing the burden on Ms. Epps to identify a position, apply and be selected as if she were not a Pepco employee, Pepco has discriminated against Ms. Epps based on her history of disability and Pepco's perception of her disability because other Pepco employees are routinely assigned and reassigned when vacancies become available.

18.     Pepco has ready access to information regarding available positions and the ability to place Ms. Epps in an available position.  Its failure to do so is an act of discrimination against Ms. Epps based on her history of disability and Pepco's perception of her disability.

19.     While she was not terminated on April 20, 2018, as of the date of the filing of this complaint, Ms. Epps has not been returned to work and remains under threat of imminent termination.

20.     As a Pepco employee, health insurance coverage for Ms. Epps and her daughter has been provided as a benefit of her employment. While Ms. Epps believes she is now able to return to work and seeks to do so, she continues to require costly medical treatment for several severe medical conditions which are known to Pepco.  As such, she

would experience severe hardship and adverse consequences should she be deprived her

of necessary medical treatment should her employment be terminated at this time.

## STATEMENT OF CLAIMS

21.　　Defendants Exelon/Pepco have engaged in unlawful employment

discrimination against Ms. Epps by refusing to return her to work because of her history

of disability and the perception that she is disabled.

22.　　As a result of this unlawful discrimination, Ms. Epps has suffered and

continues to suffer adverse consequences, including loss of pay and benefits of such

employment, career damage, personal and professional embarrassment and humiliation,

emotional pain and suffering, and a loss of the enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court enter judgment in her favor and

against Defendant on all claims brought herein and provide her with the following relief:

　　a.　　award Plaintiff compensatory damages against Defendants to the maximum

　　　　　extent permitted by law, plus interest thereon;

　　b.　　order Pepco to retroactively restore Plaintiff to her position of employment

　　　　　effective September 1, 2016, with full benefits to which she otherwise

　　　　　would have been entitled had her employment been restored in a timely

　　　　　manner;

　　c.　　award Plaintiff full back pay, with interest thereon;

d.  order Pepco to continue to provide necessary health care benefits to Plaintiff and her daughter;

e.  enjoin Defendants from discriminating, retaliating against Plaintiff in the future;

f.  award Plaintiff the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k); and

g.  award Plaintiff such other and further relief as the interests of justice may require.

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues of fact and damages.

Respectfully submitted,

Richard L. Swick
D.C. Bar No. 936930
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W., Suite 205
Washington, D.C. 20005
Tel (202) 842-0300
Fax (202) 842-1418
rlswick@swickandshapiro.com

Attorney for Plaintiff